14-320-cv
*Dorfmann v. United States*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand fifteen.

PRESENT:   PETER W. HALL,
           GERARD E. LYNCH,
           SUSAN L. CARNEY,
                   *Circuit Judges.*

_____

MARKUS DORFMANN,

                   *Petitioner-Appellant*,

           v.                                        No. 14-320-cv

UNITED STATES OF AMERICA,

                   *Respondent-Appellee*.

_____

FOR APPELLANT:          SAMUEL MICHAEL BRAVERMAN, Fasulo Braverman & Di Maggio, LLP, Bronx, NY.

FOR APPELLEE:           PARVIN DAPHNE MOYNE (Michael Alexander Levy, Assistant United States Attorney, Brian A. Jacobs, Assistant United States Attorney, and Natalie Lamarque on the brief), Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

_____

1

Appeal from the United States District Court for the Southern District of New York (Francis, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Markus Dorfmann ("Dorfmann") appeals from a final judgment of the United States District Court for the Southern District of New York (Francis, *M.J.*) denying his petition for a writ of *coram nobis*. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review *de novo* the standards that a District Court applies in considering the writ of error *coram nobis* and review for abuse of discretion a District Court's final decision to deny the writ." *Porcelli v. United States*, 404 F.3d 157, 158 (2d Cir. 2005). "[I]neffective assistance of counsel is one ground for granting a writ of *coram nobis.*" *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (citing *Chhabra v. United States*, 720 F.3d 395, 406 (2d Cir. 2013)). "A claim of ineffective assistance entails a showing that: 1) the defense counsel's performance was objectively unreasonable; and 2) the deficient performance prejudiced the defense." *Id*. "[A] defense lawyer's incorrect advice about the immigration consequences of a plea is prejudicial if it is shown that, but for counsel's unprofessional errors, there was a reasonable probability that the petitioner could have negotiated a plea that did not impact immigration status or that he would have litigated an available defense." *Id.* at 52. In particular, "[t]he petitioner must clearly demonstrate 'that he placed particular emphasis on [immigration consequences] in deciding whether or not to plead guilty.'" *Id*. (quoting *United States v. Kwan*, 407 F.3d 1005, 1017 (9th Cir. 2005)).

The District Court denied the writ on the basis that Dorfmann failed to meet either of the requirements for demonstrating ineffective assistance of counsel. This was not an abuse of

discretion.  Unlike in cases where a petitioner has satisfied "the very considerable burden" required to demonstrate ineffective assistance of counsel, nothing in the factual record supports petitioner's assertions (1) that he was given incorrect legal advice regarding the potential consequences of his plea and (2) that but for that incorrect advice he would have insisted on trial or been able to secure a better plea bargain.  *Id*. at 53.  Indeed, the record indicates just the opposite.  Dorfmann has provided no evidence that his attorney ever misadvised him of the immigration consequences of his plea, a matter about which he would have personal knowledge. Instead he relies entirely on a letter from his attorney to the prosecution that says nothing about how that attorney actually advised him.  Absent so much as a sworn statement claiming that Dorfmann's counsel mischaracterized the effects of a misdemeanor plea, Dorfmann has not established that he received ineffective assistance of counsel.  The record is also insufficient with respect to whether Dorfmann would have proceeded to trial or secured a more favorable plea bargain had he been advised differently.  No factual defenses appear to have been available to Dorfmann, and he points to none on appeal.  His purportedly ineffective counsel, moreover, sought on Dorfmann's behalf, but was not offered by the Government, a deferred prosecution in lieu of the misdemeanor to which Dorfmann ultimately pleaded guilty.  That plea to a misdemeanor, nonetheless, allowed Dorfmann to avoid proceeding to trial on a felony charge that was clearly supported by the available evidence.

We also agree with the magistrate judge that Dorfmann's petition for a writ of *coram nobis* was untimely, a determination that Dorfmann does not challenge on appeal.  *Id.* at 54.

The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3